PROB 12B
(7/93)

# United States District Court

for

## District of New Jersey

## (Revised) Modification of the Conditions or Term of Supervision with Consent of the Offender

Name of Offender: MICHAEL KAPRAL  Cr.: 94-299-01 &
 Cr.: 94-448-01

Name of Sentencing Judicial Officer: Honorable Alfred M. Wolin
United States District Judge

Name of Newly Assigned Judicial Officer: Honorable Dickinson R. Debeviose
United States District Judge
(Case re-assigned on December 21, 2005)

Date of Original Sentence: 05/25/95

Original Offense: **Count One of Superceding Criminal Information No.: 94-448-01: Conspiracy to Distribute and to Possess with Intent to Distribute in Excess of 700 Grams of Methamphetamine, in violation of 21 U.S.C. § 846; Count Two of Indictment No.: 94-299-01, Income Tax Evasion, in violation of 26 U.S.C. § 7201.**

Original Sentence: <u>Count One of Superceding Criminal Information No. 94-448-01</u>: Imprisonment - 120 months; Supervised Release - eight (8) years; Fine - $25,000; Special Assessment - $50. <u>Count Two of Indictment No. 94-00299-01</u>: Imprisonment - 60 months; Supervised Release - three (3) years; (Imprisonment and Supervised Release concurrent to Docket Number 94-00448-01); Fine - $25,000; Special Assessment - $50; (Fine and Special Assessment consecutive to Docket Number 94-00448-01). Special conditions included: Alcohol testing and/or treatment; cooperation with the IRS by filing all delinquent or amended returns within a time period established by the U.S. Probation Office and to timely file all future returns that come due during the period of probation; full financial disclosure.

Type of Supervision: Supervised Release                Date Supervision Commenced: 04/05/04

### PETITIONING THE COURT

[ ] To extend the term of supervision for _____ Years, for a total term of _____ Years.
[X] To modify the conditions of supervision as follows. The addition of the following special condition(s):

The defendant is to be confined to his residence for a period of 3 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires.

## CAUSE

The above sanction was recommended after Kapral was convicted of Driving Under the Influence of Alcohol on February 8, 2006, in Stratford Municipal Court, Stratford, New Jersey. He was subsequently assessed $769 in fines and penalties, ordered to complete a 12 hour impaired driver program (IDRC), and he received a 90 day suspension of his New Jersey driver license. According to the Stratford Township Municipal Court Clerk, Kapral satisfied his fines & penalties in full, completed IDRC on May 26, 2006, and his New Jersey drivers license was restored on May 7, 2006.

As a punitive sanction for the above conviction, the undersigned recommended that Kapral's conditions of supervised release be modified to include a period of home confinement with electronic monitoring for 90 days (self pay). Kapral consented to this modification in lieu of a formal hearing, and the Court concurred with this proposed modification in a response dated May 25, 2006. Kapral's home confinement with electronic monitoring was subsequently initiated on July 5, 2006.

On May 23, 2006, Kapral was arrested for Driving Under the Influence of Alcohol (DUI), Speeding, and Reckless Driving in Gibbsboro, New Jersey. The Court was notified of this second arrest in a letter dated June 12, 2006, although no court intervention was requested at that time pending disposition of the above charges. Instead, Kapral was referred to a substance abuse treatment program at SODAT, and he was instructed to comply with all conditions pertaining to the recently imposed home confinement modification. The Court concurred with this officer's recommendations in a response dated June 15, 2006.

On August 17, 2006, Kapral appeared in Gibbsboro Municipal Court and was convicted of an amended charge of Careless Driving. The DUI, Speeding, and Reckless Driving charges were dismissed. Kapral was fined $206, assessed $33 in court costs, and received a 6 month suspension of his New Jersey drivers license. In consideration of this disposition, the undersigned requested that the Court take no further action in this matter, and that Kapral continue his present mode of supervision. The Court concurred with this officer's recommendations in a response dated September 13, 2006.

Kapral subsequently completed home confinement without incident on October 4, 2006. Prior to the imposition of this sanction, Kapral was diagnosed with a detached retina which has required him to undergo surgery to repair same. He is currently unable to work and is subsisting on Social Security/disability benefits. Based on documented financial information which substantiates Kapral's current indigent status, the undersigned is requesting that the costs of electronic monitoring imposed during his term of home confinement be waived.

Please review the following options and check the box that accurately reflects the Court's position in this matter. The undersigned will avail myself for consultation in this matter and can be reached at (732) 933-9418, should you have any questions or need additional information.

Respectfully submitted,

By: Justine P. Meddick
U.S. Probation Officer
Date: 10/16/06

PROB 12B - Page 3
Michael Kapral

THE COURT ORDERS:

[X] All costs relating to the above Home Confinement Modification are waived.
[ ] The Extension of Supervision as Noted Above
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

Oct. 18, 2006
_____
Date